UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY A. FOSTER, | ) | CASE NO. 5:10CR85 |
| | ) | 5:12CV1281 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Timothy Foster's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 747.  The petition is DENIED

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**II. LAW AND ARGUMENT**

All of Foster's contentions center around his assertion that his trial counsel was ineffective. The standard for ineffective assistance of counsel is the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Foster must show that his counsel's performance was deficient.  *Id.* at 687.  Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*.  Second, Foster must show that his counsel's deficient performance actually prejudiced his defense.  *Id.*  Foster cannot demonstrate either prong for any of his alleged errors.

First, Foster contends that his second attorney was ineffective for failing to pursue the motion to suppress that had been filed by his initial counsel.  Foster argues, without any evidentiary support, that the search of his residence was conducted in violation of the Fourth Amendment.  In so doing, Foster concedes that he was on parole in the state of Ohio at the time of the search.  Foster further concedes that the terms of his parole allowed for a warrantless search under the standard set forth in Ohio Revised Code § 2967.131.  The Sixth Circuit has previously held that § 2967.131(C) "passes constitutional muster." *United States v. Loney*, 331 F.3d 516, 521 (6th Cir. 2003).  As the statute itself is reasonable, the second question is whether "the facts of the search itself satisfy the regulation or statute at issue." *Loney*, 331 F.3d at 520. In other words, this Court asks whether the officers had reasonable grounds—or reasonable suspicion—to suspect that Foster was violating the terms and conditions of his parole. Reasonable suspicion "is based on the totality of the circumstances and has been defined as requiring 'articulable reasons' and 'a particularized and objective basis for suspecting the particular person.'" *United States v. Payne*, 181 F.3d 781, 788 (6th Cir. 1999) (citing *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)). "Courts analyzing searches under the reasonable suspicion standard use the same factors but require a less demanding showing than when applying a probable cause standard." *Id*. at 790.

2

Foster offers only that his parole officer, during his detention hearing, indicated that he had received information that Foster "was possibly selling drugs."  Foster appears to contend that this is the sole evidence in existence regarding the search.  Foster is incorrect.  The record is clear that this Court specifically limited that line of questioning to be certain that it related only to the issue of detention.  Moreover, as the Government's brief in opposition to the motion to suppress lays out, Foster's parole officer received a tip from a reliable confidential informant that Foster was selling drugs.  Moreover, Foster's parole officer had observed that despite being unemployed, Foster consistently wore new clothes to appointments and always had cash, including the money to pay for his anger management classes.  As such, the Government's brief provided more than ample reasons for Foster's new counsel to decline to pursue the previously-filed motion.

Beyond Foster's reference to his detention hearing, he has made no other evidentiary arguments regarding this issue.  Accordingly, he has fallen well short of demonstrating any error by his counsel in failing to pursue what appears to be a motion to suppress that bordered on frivolous.  Thus, counsel was not deficient.  Furthermore, Foster failed to demonstrate any prejudice as he has made no showing that the result would have been different if the motion to suppress had been fully litigated.

Foster next contends that his counsel was ineffective for allowing him to waive his speedy trial rights.  In support, Foster relies upon *Zedner v. United States*, 547 U.S. 489 (2004).  Foster ignores numerous facts when raising this assertion.  First, Foster did not sign a blanket waiver.  Instead, the waiver was signed *in addition* to the Court's finding that a continuance was necessary because Foster himself had requested new counsel and that the ends of justice supported such a continuance.  Thus, contrary to the facts in *Zedner*, this Court specifically utilized the Speedy Trial Act's requirements when authorizing the continuance.  As such, Foster has not shown deficient performance of his counsel.

3

Foster has also failed to show a violation of the Speedy Trial Act. Foster claims that his guilty plea was taken beyond the time period set forth in the Act. However, Foster has not put forth any analysis of the time periods that would be properly excluded under the Act. Thus, he has failed to show any prejudice resulting from counsel's refusal to file a motion to dismiss.

Finally, Foster contends that his counsel was ineffective for failing to object to the calculation of his criminal history category. First, Foster argues that his traffic infractions should not have been counted. Foster offers no legal authority for this proposition. Moreover, as he received jail sentences for these convictions, it is unclear what argument Foster could raise to challenge the inclusion of the convictions.

Foster also contends that his counsel should have made some inquiry under *Shepard v. United States*, 544 U.S. 13 (2005). However, *Shepard* is wholly inapplicable as it relates to the Government's burden to prove certain conduct in support of the Armed Career Criminal Act enhancement. Foster was convicted of numerous offenses. There is no dispute that those convictions occurred. Regardless of Foster's underlying conduct that led to the convictions, they are clearly properly included in his criminal history calculation.

Finally, Foster contends that at least one of his prior convictions was uncounseled and therefore should not have been included in his scoring. Even assuming this to be true, Foster's criminal history points would have totaled 25 rather than 27. As such a change would not alter Foster's criminal history category, he can demonstrate no prejudice from this alleged error.

In summary, Foster can demonstrate no deficient performance by his counsel and no prejudice stemming from his alleged errors.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: February 20, 2013  /s/ *John R. Adams*
　　　　　　　　　　　　　　　　　**JOHN R. ADAMS**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**